[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Steven J. Pizzella appeals the decision of the defendant state plumbing and piping work examining board reprimanding him and fining him on the basis of a complaint filed against him by Donald R. Ross. The defendant board acted pursuant to General Statutes § 20- 341. The plaintiff appeals pursuant to § 4-183. The court determines that the case must be remanded for further proceedings.
The board held a hearing on the complaint of Donald R. Ross that the plaintiff engaged in malpractice and I overcharging in the course of repairing Ross's fresh water deep well system. Following the hearing and a report by the designated hearing officer, the board rendered its final decision. The board found that the plaintiff was guilty of malpractice in performing repairs, that he was guilty of unethical conduct in charging for materials, and that he was guilty of violating the law requiring the display of his license number. The board imposed a civil fine for each of the violations and issued a reprimand. CT Page 4074-ZZ
The plaintiff asserts a number of grounds as the bases of his appeal. One of them is dispositive.
The plaintiff retained an expert to assist in his defense against the complaint and to testify in his behalf at the hearing. Prior to the hearing, the plain tiff requested that his expert be permitted to inspect the premises where the repairs had been made. Ross refused permission, and the plaintiff's expert was never able to inspect the repairs that were the subject of the complaint. Furthermore, no one from the board ever inspected the repairs. The plaintiff claims he was unfairly denied the right to present relevant and material evidence at the hearing. The court agrees. CT Page 4075
"Hearings before administrative agencies, . . . although informal and conducted without regard to the strict rules of evidence, must be conducted so as not to violate the fundamental rules of natural justice." (Citations and internal quotation marks omitted). Huck v. Inland Wetlands Watercourses Agency,203 Conn. 525, 536 (1987). "Due process of law requires . . . that at the hearing the parties involved have a right to produce relevant evidence, and an opportunity to know the facts on which the agency is asked to act, to cross-examine witnesses and to offer rebuttal evidence." Id. In addition, General Statutes §§4-177c and 4-178 unequivocally establish a party's right to present material evidence at an administrative hearing. When the hearing is held to determine whether the agency should take punitive measures against the party, the right assumes constitutional due process dimensions.
Although the board was arguably not at fault, the fact remains that the plaintiff was denied the opportunity to present crucial evidence on the charge of malpractice. Since the board then found the plaintiff guilty and fined and reprimanded him on that charge, the denial clearly resulted in substantial prejudice to him. For that reason, the board's decision cannot be affirmed. See General Statutes § 4-183 (j).
The appeal is sustained. Pursuant to General Statutes §4-183 (k), the case is remanded to the board and the board is instructed to vacate that part of its decision finding the plaintiff guilty of malpractice in performing the repairs on Ross's well and to render a new decision.